IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:03-CR-39
NO. 5:11-CV-182

| | |
|---|---|
| DARREN WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | O R D E R |
| ) | |
| _____ ) | |

This matter is before the Court on Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255 and the Government's Motion to Dismiss, in Part.

The Government's Motion is GRANTED and the Petitioner's Motion is GRANTED in part.

I.   FACTS

On February 24, 2003, the Grand Jury issued a 16-count indictment that charged Petitioner in Count One with conspiring to make false statements in connection with firearms transactions, in violation of 18 U.S.C. § 371. (D.E. #5). Counts Two through Four charged Petitioner with making false written statements in connection with the acquisition of firearms and aiding and abetting in such, in violation of 18 U.S.C. § 922(a)(6) and 2. Id. Counts Five through Eleven charged Petitioner with making false statements in connection with the acquisition of firearms from licensed dealers with respect to information required by federal law and aided and abetted the same, in violation of 18 U.S.C. § 924(a)(1)(A) and 2. Id. Counts

Twelve through Fifteen charged Petitioner with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g) and 924. Id. Count Sixteen charged Petitioner with using and carrying two firearms during and in relation to a drug trafficking crime, distributing marijuana, in violation of 21 U.S.C. § 841(a)(1), and all in violation of 18 U.S.C. § 924(c). Id.

On May 14, 2003, pursuant to a written plea agreement, Petitioner entered a guilty plea to Counts One through Four, Count Twelve, and Count Sixteen. (D.E. #38).

On October 23, 2003, the Court sentenced Petitioner to 60 months' imprisonment on Count One and 120 months' imprisonment on Counts Two through Four, which the Court ordered Petitioner to serve consecutive to Count One. (D.E. #58). The Court also sentenced Petitioner to 30 months' imprisonment on Count Twelve, which the Court ordered Petitioner to serve consecutive to Counts One through Four, and 96 months' imprisonment on Count Sixteen, which the Court ordered Petitioner to serve consecutive to Counts One through Four and Count Twelve. (D.E. #58).

On November 3, 2003, Petitioner filed a notice of appeal. (D.E. #51). In light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), the Fourth Circuit Court of Appeals vacated Petitioner's sentence and remanded the case for further proceedings. United States v. Wright, 133 Fed. Appx. 53 (4th Cir. 2005). On November 15, 2005, the Court re-sentenced Petitioner. (D.E. #71).

The Court re-sentenced Petitioner to 60 months' imprisonment on Count Sixteen, which the Court ordered to run consecutive to Counts One through Four and Count Twelve. Id. The Court also ordered that all other conditions in the original judgment remained the same. Id. On December 12, 2005, the Court issued an amended judgment. (D.E. #72). The Court corrected the

judgment to reflect the term of imprisonment on Count Twelve was the 120 months' imprisonment concurrent with Counts Two, Three, Four, and consecutive to Count One.

Petitioner filed the instant motion on April 14, 2011.

## II. DISCUSSION

Petitioner claims two grounds of relief. The first ground challenges his 18 U.S.C. § 924(c) conviction in Count Sixteen. Petitioner also challenges his USSG § 2K2.1(b)(4) sentence enhancement.

The Court vacates Petitioner's 18 U.S.C. § 924(c) conviction. The Court finds, however, that Petitioner's USSG §2K2.1(b)(4) sentence enhancement was proper and should be undisturbed.

### A. Vacating Petitioner's 18 U.S.C. § 924(c) conviction

The Supreme Court held in Watson v. United States that a person does not use a firearm under 18 U.S.C. § 924(c) when he receives it in trade for drugs. 552 U.S. 74, 83 (2007). The Fourth Circuit recently found Watson retroactive on collateral attack. United States v. Thomas, 627 F.3d 534 (2010).

Here, Count Sixteen of the indictment charges Petitioner with using and carrying two firearms during and in relation to a drug trafficking crime related to the distribution of marijuana. A review of the Indictment and PSR reveals the Petitioner traded marijuana in exchange for the firearms. Accordingly, Petitioner's § 924(c) falls within Watson.

The Court thus grants the Petitioner's and the Government's request to vacate this conviction.

B. Finding the USSG § 2k2.1(b)(4) sentence enhancement proper

Petitioner argues that his sentence enhancement for possession of a firearm with an obliterated serial number for his felon in possession conviction was improper. Petitioner cites Watson and United States v. O'Brien, 130 S. Ct. 2169 (2010) in support, arguing that his possession of a weapon with an obliterated serial number should be proved to a jury beyond a reasonable doubt. This argument is without merit.

Watson and O'Brien lend no support to Petitioner's claim. As discussed above, Watson addressed the definition of using a firearm in relation to a drug trafficking crime under § 924(c). O'Brien addressed § 924(c)'s 30-year mandatory minimum for use of a machinegun, finding that whether the firearm was a machinegun was an element of the offense to be proved to the jury beyond a reasonable doubt.

Unlike in the above cases, Petitioner challenges a sentencing enhancement for possessing a firearm with an obliterated serial number in relation to a felon in possession conviction. Thus, the cited cases are not analogous. Petitioner has given no reason for the Court to find the enhancement improper.

Moreover, Petitioner's claim is barred by the Wiggins Waiver in Petitioner's plea agreement. United States v. Wiggins, 905 F.2d 51 (4th Cir. 1990). (D.E. #38).

Thus, Petitioner has failed to state a claim regarding his USSG § 2k2.1(b)(4) enhancement.

CONCLUSION

The Government's Motion is GRANTED and the Petitioner's Motion is GRANTED in part. Petitioner's conviction for under 18 U.S.C. § 924(c) (Count Sixteen) is VACATED.

SO ORDERED, this  6  day of August, 2011.

                                            TERRENCE W. BOYLE
                                            UNITED STATES DISTRICT JUDGE